In the Matter of Frank J. Jakubowsky (Also Known as Frank J. Jakubowski), an Attorney, Respondent.

First Department, November 15, 1935.

*Einar Chrystie*, for the petitioner.

Respondent in person.

MARTIN, P. J.  The respondent was admitted to the bar on June 12, 1929, at a term of the Appellate Division of the Supreme Court, Second Department.

Charges of professional misconduct were preferred against him and on May 18, 1934, an order was entered by this court appointing an official referee to take proof and to report with his opinion thereon.  After hearing testimony, the official referee has found the respondent guilty.

On July 28, 1933, while acting as attorney for Frank Josephs, in the matter of an exchange of properties by said Josephs and one Mollie Pincus, the respondent attended a closing of title at the office of Leo Pincus, the attorney for Mollie Pincus.  The respondent then entered into an agreement on behalf of his client, whereby a deed of certain premises situated in Albany county, N. Y., from Mollie Pincus to the respondent's client was to be held in escrow by Leo Pincus upon the following terms:

" In the event that the check for one hundred dollars issued this day is paid by the bank upon which it is drawn and in the event that the said Frank J. Jakubowsky pays to Mollie Pincus or her attorney, Leo Pincus at 26 Court Street, Brooklyn, New York, the sum of two hundred dollars and interest as follows: fifty dollars on August 28th, 1933, fifty dollars on September 28th, 1933, fifty dollars on October 28th, 1933, and fifty dollars on November 28th, 1933, then in that event the undersigned will deliver said deed to Frank J. Jakubowsky.

" But in the event that the said Frank J. Jakubowsky fails to pay said sum of two hundred dollars and interest or any part thereof, then in that event the said Mollie Pincus and her attorney are hereby authorized to destroy said deed and retain any money paid on account thereof as liquidated damages for the failure to comply with this agreement."

Instead of leaving the deed in the custody of Leo Pincus in accordance with the terms of the escrow agreement, the respondent, in some manner unknown to Pincus, obtained possession thereof at the time the escrow agreement was signed, and on or about August 26, 1933, caused the said deed to be recorded in the office of the clerk of Albany county without the knowledge or consent of Leo Pincus or his client, Mollie Pincus, and with knowledge of the fact that no part of the two hundred dollars referred to in the escrow agreement, had been paid to Mollie Pincus or her attorney, Leo Pincus, as therein provided.  When Leo Pincus subsequently

discovered that the deed had been recorded and demanded an explanation the respondent falsely stated to Pincus that he knew nothing about the matter and that the deed must have been recorded by his client. Leo Pincus then demanded that the respondent obtain and deliver to him a deed from his client reconveying the property to Mollie Pincus but the respondent failed to obtain or deliver such deed up to the time that the matter was presented to the petitioner's committee on grievances.

The respondent falsely stated to the committee that the deed had been recorded by mistake in the regular course of business by his clerk, when in fact the letter sent to the clerk of Albany county accompanying the deed and requesting that it be recorded was signed by the respondent personally and the check inclosed therewith to the order of the clerk of Albany county to pay the recording fees was drawn and signed by him.

The referee reported as a mitigating circumstance entitled to consideration by this court that the respondent, after attending the first meeting of the petitioner's committee on grievances, at which the charges herein referred to were taken up for consideration, renewed negotiations with Leo Pincus, and after Pincus had obtained a cancellation of the contract whereby it had been agreed to sell the Albany county property to a third person, the respondent paid Pincus the entire balance of the purchase price together with an additional sum, as compensatory damages, claimed to have been suffered by him, and Pincus now concedes that he and his client have been fully reimbursed for all damages suffered as a result of the respondent's conduct.

It appears that before the matter was taken up with the Bar Association, the respondent, upon being notified by Pincus that the deed had been recorded, endeavored to straighten out the matter by tendering to Pincus the sum of two hundred dollars, which tender was refused, Pincus demanding instead a deed to the property. The respondent offered to furnish such a deed, provided it was without prejudice to the rights of his client in an action to compel specific performance of the original contract. This condition Pincus refused, and demanded a general release which respondent's client would not give. Pincus then demanded of respondent an agreement of indemnification against any action instituted by respondent's client, which respondent refused.

A careful consideration of all the facts and circumstances leads to the conclusion that there was no intention on the part of the respondent to defraud any one and that when requested to do so he was willing to make restitution.

The record, however, confirms the decision of the referee rejecting the explanation made by the respondent that the recording of the deed was a mere inadvertence.

Respondent's conduct, including his lack of frankness with the Bar Association and before the referee, requires that respondent be suspended for six months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Respondent suspended for six months.